USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TRUSTEES FOR THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and ANNA GUTSIN,

    Petitioners,

- against -

TRICON ENTERPRISES, INC.,

    Respondent.

**24 Cv. 4944 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, and Anna Gutsin, in her fiduciary capacity as Director (collectively, "Petitioners"), bring this action against Tricon Enterprises, Inc. ("Respondent") to confirm an arbitration award. Now before the Court is Petitioners' unopposed petition to confirm the award (the "Petition"). (See "Pet.," Dkt. No. 1.) Petitioners also seek post-judgment interest pursuant to 28 U.S.C. § 1961 ("Section 1961"). (See id.) For the reasons explained below, the Petition is **GRANTED**.

## I.  BACKGROUND

On July 1, 2024, Petitioners commenced this action to confirm the arbitration award. (See Pet.) Additionally, Petitioners submitted numerous exhibits related to the

1

underlying arbitration appended to the declaration of Haluk Savci and a supporting memorandum of law. (See "Savci Decl.," Dkt. No. 9; "Pet'rs' Mem.," Dkt. No. 10.) On July 9, 2024, Petitioners served Respondent with the Petition. (See Dkt. No. 8.) On August 14, 2025, Petitioners requested that the Court construe the Petition as an unopposed motion for summary judgment based on Respondent's failure to respond to the Petition. (See Pet'rs' Mem. at 2.) To date, Respondent has not entered an appearance in this action or contested the Petition.

## II. STANDARD OF REVIEW

"The Federal Arbitration Act provides a streamlined process for a party seeking to confirm, vacate, or modify an arbitration award." Global Gold Mining LLC v. Caldera Res., Inc., No. 18 Civ. 4419, 2019 WL 367824, at *4 (S.D.N.Y. Jan. 30, 2019) (citation omitted). In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed "so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71-72 (2d Cir. 2012) (citation omitted). Even where a Court believes the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the

2

arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987). Generally, confirmation of an arbitration award "merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).

The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." Neshgold LP v. N.Y. Hotel & Motel Trades Council, AFL-CIO, No. 13 Civ. 2399, 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (citations omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." Maersk Line Ltd. v. National Air Cargo Grp., Inc., No. 16 Civ. 6272, 2017 WL 4444941, at *2 (S.D.N.Y. Oct. 4, 2017) (citations omitted); Whittaker v. MHR Fund Mgmt. LLC, No. 20 Civ. 7599, 2021 WL 9811715, at *11 (S.D.N.Y. Sept. 28, 2021) ("[C]ourts must grant an arbitration panel's decision great deference." (citation omitted)).

### III. DISCUSSION

Because Respondent has failed to appear or respond to the Petition, the Court treats the Petition as an unopposed motion for summary judgment. (See Pet'rs' Mem. at 2.) See

3

D.H. Blair, 462 F.3d at 109 (an unopposed petition to confirm an arbitration award should generally be treated "as akin to a motion for summary judgment," not a default judgment); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Krefab Corp., No. 21 Civ. 2520, 2021 WL 3621357, at *1 (S.D.N.Y. Aug. 16, 2021) (treating unopposed petition to confirm arbitration award as an unopposed motion for summary judgment).

Having reviewed the Petition, the memorandum of law, as well as the accompanying documents, the Court finds that the arbitrator acted within the scope of his authority. See New York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc., No. 11 Civ. 8425, 2012 WL 2958265, at *3 (S.D.N.Y. July 20, 2012). Further, Petitioners have shown that there is no dispute of material fact and that Petitioners are entitled to judgment as a matter of law. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. BP Interiors Corp., No. 23 Civ. 10692, 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024). The Court therefore confirms the arbitration award.

The Court also finds that an award of post-judgment interest pursuant to Section 1961 is warranted. See Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) (under Section 1961, the award of post-judgment interest is mandatory on awards in civil

4

cases); AXA Versicherung AG v. New Hampshire Ins. Co., 962 F. Supp. 2d 509, 512 (S.D.N.Y. 2013) (Section 1961 applies to actions to confirm an arbitration award). Thus, Petitioners are entitled to post-judgment interest at the statutory rate defined in Section 1961,[1] which shall be calculated from the date this Decision and Order is entered.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) of Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, and Anna Gutsin, in her fiduciary capacity as Director, for confirmation of the Opinion and Default Award dated July 4, 2023 (the "Arbitration Award") is **GRANTED**; it is further

**ORDERED** that judgment against respondent Tricon Enterprises, Inc. ("Respondent") is entered in the amount of $324,511.84; and it is further

**ORDERED** that the Clerk of Court award Petitioners post-judgment interest that will accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date of entry of this judgment until the judgment is paid.

---

[1] The Section 1961 interest rate is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

5

The Clerk of Court is directed to dismiss all pending motions and to close this case.

**SO ORDERED.**

Dated:    11 September 2025
          New York, New York

_____
Victor Marrero
U.S.D.J.